CONBOY, J.,
concurring specially. In interpreting RSA 500-A:12-a (2010), we have stated that the statute does not preclude the trial court from allowing counsel to question the jury panel as a whole. I write separately to express my belief that doing so is, as a practical matter, the most effective way to achieve the legislature’s purpose of assuring juror neutrality. The legislature has made clear that, prior to questioning jurors, counsel “shall be allowed a reasonable amount of time to address the panel ... for the purpose of explaining such party’s claims, defenses, and concerns in sufficient detail to prompt jury reflection, probing, and subsequent disclosure of information, opinion, bias, or prejudices.” RSA 500-A:12, II (emphasis added). In my opinion, the effectiveness of subsequent questioning of the jury panel as a whole — open voir dire — simply cannot be duplicated by individual voir dire at the bench. Further, given the time constraints that generally characterize jury selection, it is unlikely that counsel would be able to explore with each juror, privately at the bench, the questions that would otherwise be asked of the entire panel. In my judgment, open voir dire better accomplishes the legislature’s stated purpose of allowing counsel “liberal and probing examination calculated to discover bias or prejudice with regard to the circumstances of the particular case.” RSA 500-A:12-a, III.